**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

HANNAH BLAKENEY,
on behalf of herself and all
others similarly situated,                                   Case No**.**

      Plaintiff,                                              Judge:

v.
                                                                        **JURY TRIAL DEMANDED**
ARTHUR J. GALLAGHER & CO.,

      Defendant.

_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Hannah Blakeney ("Blakeney"), on behalf of herself and all other similarly situated individuals ("Plaintiff"), by and through her attorneys, brings this Collective Action Complaint against Defendant Arthur J. Gallagher & Co. ("Defendant" or "AJG") and alleges:

**INTRODUCTION**

1.      This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA") to remedy Defendant's violations of federal law which have deprived Plaintiff and other similarly situated employees of earned overtime compensation.

2.      Defendant is "a global leader in insurance, risk management and consulting services." https://www.ajg.com/.

3.      As part of its business operations, Defendant employs Client Services Associates ("CSAs") throughout the United States.

4.      CSAs provide "routine client support." https://jobs.ajg.com/ajg-home/jobs/19337?lang=en-us&previousLocale=en-US. The duties of CSAs are clerical in nature

and include assisting customers, responding to inquiries via phone and email, servicing small business accounts, and other customer service-related tasks.

5.    CSAs are paid by Defendant on an hourly basis.

6.    Because CSAs are paid on an hourly basis, they are "non-exempt" under the FLSA and are entitled to overtime compensation at the rate of one-and-one-half times their regular rate of pay for all time  worked over forty (40) in an individual work week.

7.    Plaintiff is an hourly-paid CSA who was employed by Defendant.

8.    Defendant failed to pay Plaintiff and the other similarly situated hourly-paid CSAs for all time worked, including overtime hours, in violation of the FLSA. Specifically, Defendant has a common, uniform, and widespread policy and practice which discouraged CSAs from reporting overtime hours, that is, any hours over 40 in an individual work week.

9.    Pursuant to this policy and practice, Defendant advised CSAs that they could be subject to adverse employment action, including termination, if they reported more than 40 hours in an individual work week.

10.    Defendant instituted and continued this policy and practice notwithstanding the fact that it assigned work to CSAs that could not reasonably be completed in a 40-hour work week, such that CSAs regularly worked more than 40 hours in a work week off-the-clock, without compensation for their overtime hours worked.

11.    Upon information and belief, Defendant instituted and maintained its policy and practice of discouraging CSAs from reporting all of their overtime to save on labor costs.

12.    Defendant's willful, knowing, and/or reckless policy of intentionally requiring Plaintiff and the similarly situated CSAs to underreport the number of hours actually worked denied CSAs of overtime compensation.

13.     Based upon Defendant's FLSA violations, Plaintiff brings this collective action on behalf of:

> All Customer Service Associates, however variously titled, who worked for Arthur J. Gallagher & Co. for the three years preceding the filing of this lawsuit who did not receive compensation for all of their overtime hours worked.

(the "FLSA Collective").

## PARTIES

### *Plaintiff Heather Blakeney*

14.     Plaintiff Blakeney is a resident and citizen of Alabama.

15.     Plaintiff was employed by Defendant as a non-exempt, hourly-paid CSA in Brandon, Mississippi, from approximately September 2020 to April 2022.

16.     Plaintiff's duties included assisting customers, responding to inquiries via phone and email, servicing small business accounts, and other customer service-related tasks.

17.     To accomplish the work assigned Plaintiff regularly worked more than forty (40) hours per work week.

18.     Plaintiff's Notice of Consent to Join is attached as Exhibit A.

### *Defendant Arthur J. Gallagher & Co.*

19.     Defendant AJG is a Delaware corporation with its principal place of business in Rolling Meadows, Illinois.

20.     Defendant employs non-exempt, hourly-paid CSAs like Plaintiff throughout the United States.

21.     Defendant was and is the employer of Plaintiff and the similarly situated CSAs within the meaning of the FLSA.

## JURISDICTION AND VENUE

22. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

23. This Court has personal jurisdiction over Defendant because Defendant conducted business in this State, is headquartered in this State, had systematic and continuous ties with this State, and has agents and representatives in this State. Thus, Defendant has sufficient minimum contacts with or otherwise purposefully avail itself of the markets in the State of Illinois to justify them being fairly brought into court in this State.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d) because Plaintiff and other members of the FLSA Collective worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District. Defendant owns, operates, and/or maintains offices, transacts business, and employs workers within this District. Defendant is within the jurisdiction of this Court for purpose of service of process.

**FACTUAL ALLEGATIONS**

25. Defendant requires its CSAs to clock in and out at the beginning and end of their scheduled shifts and before and after meal breaks. However, Defendant discourages CSAs from reporting overtime, thereby requiring them to complete any unfinished work off-the-clock before and after their shifts, and/or during uncompensated meal breaks.

26. Upon information and belief, Defendant instructed Plaintiff and the similarly situated CSAs to clock in at the beginning and out at the end of their scheduled shift and to reflect a *bona fide* meal break on their time sheets, to avoid any additional labor costs, regardless of the time they actually worked.

27.     Defendant discouraged and even penalized Plaintiff and the similarly situated CSAs from reporting overtime.

28.     Defendant knew that Plaintiff and the similarly situated CSAs worked off-the-clock to complete their assigned tasks. Nonetheless, Defendant required Plaintiff and the similarly situated CSAs to complete their assigned work, without pay.

29.     Defendant maintained a common, uniform, and widespread policy and practice of paying Plaintiff and the FLSA Collective without regard to the actual number of hours worked, including overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

30.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective for all of their overtime hours worked.

31.     Consistent with Defendant's policies and practices, Plaintiff and FLSA Collective were not paid premium overtime compensation for all of the hours they worked in excess of forty (40) in an individual work week.

32.     All of the work that Plaintiff and the FLSA Collective performed was assigned by Defendant and/or Defendant was aware of all of the unpaid work that Plaintiff and the FLSA Collective performed.

33.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and practice includes, but is not limited to:

   a.   willfully failing to pay CSAs, including Plaintiff and the FLSA Collective, for all hours worked including premium overtime wages for all hours worked in excess of forty (40) hours per work week; and

   b.   willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, worked for Defendant's benefit.

34.     The off-the-clock work performed by Plaintiff and the FLSA Collective is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis.*

35.     Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of forty (40) per work week.

36.     Defendant failed to properly maintain timekeeping and payroll records pertaining to the FLSA Collective under the FLSA, 29 U.S.C. § 211(c).

37.     Defendant's unlawful conduct was widespread, repeated, and consistent.

38.     A collective action under the FLSA is appropriate because the CSAs who comprise the FLSA Collective are similarly situated to Plaintiff within the meaning of 29 U.S.C. § 216(b). The CSAs on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

39.     There are numerous similarly situated current and former CSAs who were underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

40.     Those similarly situated CSAs are known to Defendant, are readily identifiable, and can be located through Defendant's records.

41.     Plaintiff estimates that the FLSA Collective, including both current and former CSAs over the relevant period, includes hundreds of CSAs. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

6

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on Behalf of Plaintiff and the FLSA Collective)

42.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43.     At all relevant times, Defendant was the "employer" of Plaintiff and the FLSA Collective, within the meaning of the FLSA, 29 U.S.C. § 203(d).

44.     At all relevant times, Plaintiff and the FLSA Collective were Defendant's "employees" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

45.     Plaintiff and the FLSA Collective are all non-exempt, hourly-paid employees entitled to overtime compensation.

46.     Plaintiff and the FLSA Collective were either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

47.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

48.     At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective to perform off-the-clock work, but failed to pay the federally mandated overtime compensation for this work.

49.     In work weeks where Plaintiff and other FLSA Collective members worked forty (40) hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

50.     Defendant's violations of the FLSA were knowing and willful. Given that Plaintiff and the FLSA Collective utilized Defendant's timekeeping system to clock in and out, Defendant could have accounted for and properly compensated Plaintiff and the FLSA Collective for the work they performed off-the-clock, but failed to do so.

51.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on the behalf of the FLSA Collective requests the following relief from the Court:

a.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.      Designating the Named Plaintiff as Representative of the proposed FLSA Collective;

c.      Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

d.      Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate multiplied by all off-the-clock hours that Plaintiff worked in excess of forty (40) hours per work week for the past three years;

e.      Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

f.      Awarding pre- and post-judgment interest;

8

g.     Awarding reasonable attorneys' fees, expenses, and costs as provided by the FLSA; and

h.     For such other and further relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of the FLSA Collective, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

December 8, 2023                                Respectfully submitted,

                                                */s/Douglas M. Werman*

                                                Douglas M. Werman
                                                Maureen A. Salas
                                                **WERMAN SALAS P.C.**
                                                77 W. Washington St., Suite 1402
                                                Chicago, IL 60602
                                                (312) 419-1008
                                                dwerman@flsalaw.com
                                                msalas@flsalaw.com

                                                **SHAVITZ LAW GROUP, P.A.**
                                                Gregg Shavitz
                                                gshavitz@shavitzlaw.com
                                                Paolo Meireles
                                                pmeireles@shavitzlaw.com
                                                Tamra Givens
                                                tgivens@shavitzlaw.com
                                                951 Yamato Road, Suite 285
                                                Boca Raton, FL 33431
                                                Telephone: (561) 447-8888

                                                *Attorneys for Plaintiff and the FLSA Collective*